UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| JOHNATHAN WEBB, | ) |
| | ) |
| Petitioner, | )   Case No. 1:07-cv-1119 |
| | ) |
| v. | )   Honorable Janet T. Neff |
| | ) |
| KENNETH McKEE, | ) |
| | )   **REPORT AND RECOMMENDATION** |
| Respondent. | ) |
| | ) |

This is a habeas corpus proceeding brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is serving a nonparolable life sentence for first-degree, premeditated murder, MICH. COMP. LAWS § 750.316; a concurrent sentence of 2-to-5 years for being a felon in possession of a firearm, MICH. COMP. LAWS § 750.224f; and a consecutive 2-year term for possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. The Wayne County Circuit Court imposed these sentences on November 12, 2001, after a jury found petitioner guilty of murdering Anthony Schaffer on March 4, 2001, in the City of Detroit. The Michigan courts affirmed petitioner's conviction and sentence on both direct and collateral review. Petitioner instituted this habeas corpus proceeding by petition dated November 5, 2007, the date that he placed the petition in the prison mailing system. (Petition, docket # 1, at 14).

Presently pending before the court is respondent's motion to dismiss the petition as time-barred under 28 U.S.C. § 2244(d)(1). Petitioner has filed a response to the motion, arguing that the petition was timely under standard tolling principles and, alternatively, that any tardiness should

be excused by the doctrine of equitable tolling. Judge Janet T. Neff has referred this matter to me for issuance of a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 10 of the Rules Governing Section 2254 Proceedings . After review of the record, I conclude that the petition is time-barred and that petitioner has not established grounds for equitable tolling.

### Proposed Findings of Fact

Disposition of respondent's motion to dismiss requires an accurate recitation of the chronology of previous events in the case. As both petitioner and respondent agree on the relevant dates, all dates will be taken from the petition itself.

1. By judgment of sentence entered November 12, 2001, the Wayne County Circuit Court sentenced petitioner to life imprisonment, without possibility of parole, after a jury found him guilty of first-degree, premeditated murder. The court also imposed lesser sentences (which have now expired) on two firearms charges.

2. Petitioner appealed as of right to the Michigan Court of Appeals. By unpublished, *per curiam* opinion issued December 9, 2003, the Court of Appeals affirmed petitioner's conviction and sentence. (Petition at 2, ¶ 9(d)).

3. Petitioner filed a timely application in the Michigan Supreme Court for leave to appeal. By standard order entered May 28, 2004, the state Supreme Court denied leave to appeal. (*Id.* at 2, ¶ 9(g)(4)).

4. Petitioner did not file an application for *certiorari* in the United States Supreme Court.

5.      On April 5, 2005, petitioner filed a *pro se* motion for post-conviction relief in the state trial court pursuant to Mich. Ct. R. 6.00-.509, raising grounds for relief that were not raised on direct appeal. The state circuit court denied the motion on March 6, 2006. (*Id.* at 3, ¶ 11(a)).

6.      Petitioner filed a timely application for leave to appeal to the Michigan Court of Appeals, which denied leave to appeal by order entered December 6, 2006. (*Id.* at 4, ¶ 11(b)(4)).

7.      Petitioner sought further discretionary review in the Michigan Supreme Court, which denied leave to appeal on May 30, 2007. Petitioner did not move for reconsideration. (*Id.* at 4, ¶ 11(c)(4)).

8.      Petitioner placed his petition in the prison mailing system on November 5, 2007. (*Id.* at 14). This habeas corpus action is therefore deemed filed on that date, even though the petition was not received by the Clerk until November 7, 2007.

## Discussion

### A.      Calculation of Limitations Period

The timeliness of this habeas corpus action is governed by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[1] Section 2244(d)(1) provides:

---

[1] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on May 28, 2004. Petitioner did not petition for *certiorari* to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 127 S. Ct. 1079, 1083-84 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on August 26, 2004, and the one-year limitations period began to run on that date.

The running of the statute of limitations is tolled when "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only state, and not federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). In this case, the statute of limitations was tolled by petitioner's motion for relief from judgment filed on April 5, 2005. The parties agree that on April 5, 2005, 222 days had elapsed for purposes of the statute of limitations and 143 days remained. Because petitioner's motion for relief from judgment was timely, the statute of limitations was tolled and did not begin to run until the Michigan Supreme Court denied petitioner's application for leave to appeal on May 30, 2007. *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002) (a motion for post-conviction relief is considered "pending" during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court on collateral review). Because the tolling provision applies to "State," not federal proceedings, the statute is not tolled during the time that a petitioner petitions, or could petition, for writ of *certoriari* in the United States Supreme Court to review post-conviction proceedings. *Lawrence*, 127 S. Ct. at 1083-84. Consequently, the one-year statute of limitations began to run again on May 30, 2007.

When the limitations period began to run again on May 30, 2007, 143 days of the one-year limitations period remained. The one-year statute expired on October 20, 2007, a Saturday, so the petition would have been deemed timely if filed on October 22, 2007. *See* FED. R. CIV. P. 6(a)(3). Petitioner filed this action, by depositing his petition in the prison mail system,[2] on

---

[2] Under the so-called "mailbox rule," a habeas petition is deemed filed when the prisoner places it in the prison mail system for filing in the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

November 5, 2007. This action was therefore filed exactly two weeks after the statute had expired and is untimely.

      **B.**      **Petitioner's Arguments**

           1.      <u>Tolling Period</u>

Petitioner argues that the tolling period under 28 U.S.C. § 2244(d)(2) for properly filed state post-conviction review should be extended for an additional twenty-one days after the Michigan Supreme Court issued its order denying leave to appeal, during which time petitioner could have moved for reconsideration under Mich. Ct. R. 7.313(E). This argument, although ingenious, is not supported by any legal authority.

As noted, AEDPA provides that the running of the statute of limitations is tolled when a properly filed application for state post-conviction relief is "pending." 28 U.S.C. § 2244(d)(2). In *Carey v. Saffold*, 536 U.S. 214, 219 (2002), the Supreme Court said that an application for post-conviction relief is "pending as long as the ordinary state collateral review process is 'in continuance,' *i.e.*, 'until the completion of' that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.'" If petitioner had indeed filed a motion for rehearing, the statute of limitations would have remained tolled until the Michigan Supreme Court issued an order on that motion. *See Allen v. Yukins*, 366 F.3d 396, 400 (6th Cir. 2004). It is undisputed, however, that petitioner did not seek a rehearing.

As a matter of state law, the finality of the Supreme Court's order is not suspended during the 21-day period for seeking reconsideration. MICH. CT. R. 7.313(E) ("The filing of a motion

for reconsideration does not stay the effect of the order addressed in the motion."). Neither the Supreme Court nor the Sixth Circuit has ever counted for purposes of section 2244(d)(2) the time in which a petitioner could have, but did not, file a motion for reconsideration in the state courts. In the seminal case of *Lawrence v. Florida*, 127 S. Ct. 1079 (2007), the Supreme Court held that tolling of the running of the statute of limitations under AEDPA ended on the day that the Florida Supreme Court issued its mandate in post-conviction proceedings. 127 S. Ct. at 1082. The court did not state or imply that the tolling period was somehow extended for the additional period in which Mr. Lawrence could have, but did not, seek reconsideration in the state supreme court. Likewise, the Sixth Circuit considers state post-judgment proceedings at an end when the Michigan Supreme Court denies leave to appeal. *See, e.g., Henderson v. Luoma*, No. 05-2542, 2008 WL 5046414 at * 2 (6th Cir. Nov. 26, 2008) ("Under the holding in *Lawrence*, the running of the AEDPA limitations period resumed as soon as the Michigan Supreme Court denied [petitioner's] collateral relief on May 31, 2005."). The law in this area has been so clear that courts have not had much occasion to address an argument like petitioner's. Those few cases that exist, however, reject the argument that the statute remains tolled during the period that a petitioner could have, but did not, seek reconsideration in the state Supreme Court. *See, e.g., Gordon v. Dretke*, 107 F. App'x 404 (5th Cir. 2004).

   Petitioner's attempt to receive the benefit of an extra twenty-one days of tolling by an unprecedented reading of section 2244(d)(2) is unsustainable.

2.      Equitable Tolling

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Solomon v. United States,* 467 F.3d 928, 933 (6th Cir. 2006); *Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-09; *see also Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003) ("Absent compelling equitable considerations, a court should not extend limitations by even a single day."). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence*, 127 S. Ct. at 1085 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner expressly invokes the doctrine of equitable tolling, advancing two separate reasons why his tardiness should be excused under this doctrine. First, he asserts that he was operating pursuant to reasonable, but erroneous, advice given to him by fellow prisoner Brad Warner, who provides legal assistance to prisoners on appeals and related matters. Second, he asserts that prison authorities delayed his ability to file a timely petition by failing to return to him a sufficient number of copies in a timely manner. Petitioner's contentions in this regard are supported by his affidavit and that of Mr. Warner, attached to petitioner's response to the motion to dismiss. (docket # 13). Upon review of petitioner's evidence, and accepting all statements in his

supporting affidavits as true, I conclude that the facts presented are legally insufficient to establish grounds for equitable tolling.

Petitioner's affidavits indicate that petitioner contacted Mr. Warner in June 2007 by mail and asked for assistance with his contemplated habeas corpus petition. At that point, petitioner had recently received the decision by the Michigan Supreme Court denying leave to appeal the denial of his motion for relief from judgment. (¶¶ 5-9). Mr. Warner avers that he "took it upon myself" to calculate the time remaining for petitioner to file his action. (¶ 13). Mr. Warner relied on the case of *Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003) (*en banc*), in which the Sixth Circuit had held that the statute of limitations under AEDPA remains tolled for the ninety days following the state supreme court's decision, during which time a petitioner could have sought *certiorari* in the United States Supreme Court. Relying on *Abela*, Mr. Warner advised petitioner that the statute of limitations would not expire until January 18, 2008. He says that he mailed petitioner this advice in June or July of 2007. (¶¶ 30, 31). Mr. Warner was unaware that five months earlier, on February 20, 2007, the United States Supreme Court had issued its decision in *Lawrence v. Florida* overruling *Abela* and holding that the ninety-day period for seeking *certiorari* after state post-conviction proceedings is not to be counted for tolling purposes under AEDPA.

At some point in the second week of October 2007, Mr. Warner was reviewing an unrelated report and recommendation which cited *Lawrence v. Florida*. He reviewed the case on October 13, his next available opportunity to use the law library. His review persuaded him that *Abela v. Martin* was probably no longer good law. Mr. Warner therefore sent petitioner a letter advising him of the problem and recalculating the filing deadline (properly as it turns out) to Monday, October 22, 2007. (¶ 43). Mr. Warner advised petitioner to expend all necessary efforts

to ensure that his petition be placed in the prison mailing system on or before that date, "even if he had not yet finished his supporting brief." (¶ 44). Petitioner avers that he received Mr. Warner's letter on October 17, 2007. (¶ 17). He submitted his habeas corpus petition and all attachments to prison authorities for purposes of copying on the next day, October 18th, requesting five copies to be made. (¶¶ 21-22). The next day, prison officials returned his materials to him with only one copy, even though he was charged for five. (¶ 24). October 19, 2007, was a Friday, and petitioner did not have access to prison staff to correct the situation until October 22, 2007, the day the limitations period expired. (¶ 25). He filed a grievance in the meantime, but did not receive the correct number of copies until October 31, 2007. (¶ 30). Because of the unavailability of a counselor or resident unit manager, petitioner was unable to give a prison official his habeas corpus petition for mailing until Monday, November 5, 2007. (¶¶ 32-35).

        Petitioner makes two legal arguments arising from the foregoing facts. First, he asserts that he is untrained in the law and reasonably relied on Mr. Warner's advice and that Warner reasonably relied on the Sixth Circuit's decision in *Abela* in advising petitioner that he had an additional ninety days in which to file his habeas corpus action. Neither petitioner's ignorance of the law nor that of Mr. Warner is grounds for equitable tolling. The Sixth Circuit has repeatedly held that the fact that a petitioner is untrained in the law or may have been unaware of the statute of limitations does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *accord Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("Ignorance of the law, even for an incarcerated *pro se* prisoner, generally does not excuse [late] filing."). Furthermore, the Supreme

Court has squarely held that attorney error in miscalculating the limitations period does not provide grounds for equitable tolling:

> Second, Lawrence argues that his counsel's mistake in miscalculating the limitations period entitles him to equitable tolling. If credited, this argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline. Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the post-conviction context where prisoners have no constitutional right to counsel.

*Lawrence v. Florida*, 127 S. Ct. at 1085. *A fortiori*, allowing equitable tolling for a mistake by a prison writ writer would open the floodgates even further, as prison legal assistants are more likely to give bad advice than lawyers. In the present case, Mr. Warner's misadvice came five months after the Supreme Court squarely held that the ninety-day period for seeking *certiorari* after post-conviction proceedings is not to be counted for purposes of tolling under AEDPA. This kind of error in calculation, whether made by a petitioner or one counseling him, is not grounds for equitable tolling. *Lawrence*, 127 S. Ct. at 1085; *Allen*, 366 F.3d at 403 ("A petitioner's reliance on the unreasonable and incorrect advice of his or her attorney is not a ground for equitable tolling.") (citing *Jurado v. Burt*, 337 F.3d 638, 644-45 (6th Cir. 2003)).

In an unpublished opinion, the Court of Appeals has held that a petitioner who filed his habeas corpus action in 2005, while *Abela* was still good law, was entitled to equitable tolling, because the petition was timely under *Abela* and the petitioner could not reasonably have foreseen the decision in *Lawrence* two years later. *Henderson v. Luoma*, No. 05-2542, 2008 WL 5046414, at * 4 (6th Cir. Nov. 26, 2008). "Henderson was reasonable in his actions because he complied with the law in this circuit at the time he filed his petition." The effect of the *Henderson* decision is to prevent retroactive application of *Lawrence v. Florida* to invalidate petitions filed before *Lawrence*

was decided, when the petition was timely under *Abela*. That concept has no application in the present case. This habeas corpus action was filed almost nine months after *Lawrence* was decided.

Petitioner also argues that the error by prison authorities in making copies of his petition on October 18, 2007, should excuse the petition's tardiness under equitable tolling principles. As noted, the Supreme Court requires a petitioner seeking the protection of equitable tolling to show that he has been pursuing his rights diligently and that some "extraordinary circumstance" stood in his way and prevented timely filing. *Lawrence*, 127 S. Ct. at 1085. On this record, petitioner makes neither showing. The Michigan Supreme Court denied leave to appeal in post-judgment proceedings on May 30, 2007. At that point, petitioner had 143 days -- more than four months -- in which to file a timely habeas corpus petition. Preparation of the petition requires no significant expenditure of time. Legal research is unnecessary, as the petitioner may only assert in his habeas corpus action those federal claims already asserted in the state appellate courts. This court provides petitioners a form for their use in preparing habeas corpus petitions. The form petition can be completed with information already available to the petitioner as a result of his state direct and post-conviction review proceedings. The habeas corpus petition form requires only assertion of the facts supporting each ground, not legal argumentation. Petitioner does not attempt to explain why he waited a matter of months to submit his petition.

Petitioner's affidavits do disclose that, once petitioner received notice from Warner that the limitations period was probably shorter, petitioner began to scramble to get done that which should have been done months earlier. Petitioner received Warner's letter on Wednesday, October 17, leaving only two business days before the filing deadline of October 22. On October 18, 2007, petitioner requested five photocopies of his petition. The petition was returned to him promptly the

following day, Friday, October 19, but petitioner received only the original and one copy. At that point, petitioner had a decision to make. He could have immediately placed the original petition in the prison mail system to preserve the timeliness of his habeas corpus action, as he knew that the statute was going to run out on October 22, 2007.[3] Petitioner chose not to do so, despite his knowledge of the statute of limitations. Rather, he persisted in his efforts to procure what he believed to be the appropriate number of copies from prison officials, even taking the time to file a grievance on the issue. He ultimately received the requested copies on October 31, 2007. He did not place his petition for a writ of habeas corpus in the prison mailing system until November 5, 2007 (Petition at 14), well after the statute of limitations had expired.

    The facts set forth in petitioner's affidavit do not show diligence or the existence of "some extraordinary circumstance" impeding the timeliness of the petition. Mistakes and minor delays are common in any human undertaking, including the operation of a prison. It should not be deemed "extraordinary" that a prison clerk might make a mistake in providing the requested number of copies or that a copying request might take a few days. Even so, by October 22, 2007, petitioner was still in a position to meet the statute of limitations, by placing in the prison mail system his original petition and retaining the one copy that he did have for purposes of making further copies. Rather than doing this, he insisted that prison officials provide him the number of copies demanded. This cannot be deemed diligence. *Cook v. Stegall*, 295 F.3d 517, 522 (6th Cir. 2002) (delay caused by broken prison copier did not justify equitable tolling, because of previous unexplained period of long idleness by petitioner).

---

[3] If petitioner had submitted a single copy of his petition to the Clerk, his habeas corpus action would have been filed. The Clerk would merely have informed petitioner of his obligation to provide the court with two more copies for purposes of service. *See* FED. R. CIV. P. 5(d)(4) (Clerk may not reject filings for failure to conform to rules).

The facts now before the court do not establish grounds for equitable tolling, but merely disclose an exercise in brinksmanship by a petitioner who waited over four months after state post-conviction proceedings were concluded to submit his habeas corpus petition.

**Recommended Disposition**

Calculation of the running of the one-year statute of limitations for habeas corpus actions established by 28 U.S.C. § 2254(d)(1) discloses that the habeas corpus petition in this case was not filed in a timely manner. Petitioner has failed in his burden to show that he is entitled to equitable tolling to excuse the untimeliness of the petition. I therefore recommend that respondent's motion to dismiss for failure to comply with the statute of limitations (docket # 10) be granted and that the petition be dismissed as untimely.

Dated: March 16, 2009          /s/ Joseph G. Scoville
                               United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).