UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOHNATHAN WEBB,

      Petitioner,                        Case No. 1:07-cv-1119

v                                       HON. JANET T. NEFF

KENNETH McKEE,

      Respondent.

_____/


**<u>OPINION</u>**

      This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss, arguing that the petition was filed untimely pursuant to 28 U.S.C. § 2244. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation, recommending that this Court grant the motion and dismiss the petition as untimely. The matter is presently before the Court on Petitioner's two objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections, adopts and approves the Report and Recommendation as the opinion of this Court, and issues this Opinion and Final Order pursuant to FED. R. CIV. P. 58.

I

      Petitioner objects to the Magistrate Judge's calculation of the limitations period and argues that his petition for habeas corpus relief was filed in a timely manner (Obj. at 2-4; Rep. & Rec. at 3-5). Petitioner continues to maintain that the tolling period under 28 U.S.C.§2244(d)(2) should

be extended for an additional twenty-one days after the Michigan Supreme Court issued its final order denying leave to appeal, during which time Petitioner could have moved for reconsideration under MICH. CT. R. 7.313(E) (Obj. at 4-5). Petitioner tries to support this contention by arguing that the Magistrate Judge improperly applied *Lawrence v. Florida,* 127 S. Ct. 1079 (2007), and MICH. CT. R. 7.313(E) to the facts of this case (Obj. at 6-9). Petitioner maintains *Abela v. Martin,* 348 F.3d 164 (6th Cir. 2003) (*en banc*), is controlling law with respect to any period of time available to seek further state court review, and therefore, *Abela* supports the proposition that the limitations period should remain tolled during the twenty-one days in which Petitioner could have, but did not, file a motion for reconsideration (Obj. at 8-9).

Petitioner's objection is without merit. The Magistrate Judge properly calculated the limitations period and therefore properly concluded that the petition for habeas corpus relief was filed untimely pursuant to 28 U.S.C. § 2244(d)(1). The Magistrate Judge properly construed MICH. CT. R. 7.313(E) and properly applied *Lawrence* to the facts of this case. There is no reference to the "time for seeking" review of a state postconviction court's judgment in 28 U.S.C. § 2244(d)(2). Instead, section 2244(d)(2) is implicated when a state review application is pending. *Lawrence* at 1084.

II

Petitioner also objects to the Magistrate Judge's conclusion that Petitioner is not entitled to equitable tolling of the limitations period (Obj. at 10; Rep. & Rec. at 14). Petitioner disagrees with the Magistrate Judge's determination that Petitioner had not diligently pursued his rights and that Petitioner failed to show that extraordinary circumstances stood in his way (Obj. at 10-11; Rep. & Rec. at 13). Petitioner advances two reasons why the Magistrate Judge erred in this determination.

First, Petitioner argues that the Magistrate Judge erred by characterizing his argument as "ignorance of the law" (Obj. at 13-16; Rep. & Rec. at 10-11). Petitioner asserts his argument is that the state made it impossible to access legal materials that would have provided Petitioner with notice that *Lawrence* had been decided. Petitioner argues had he known of *Lawrence,* he would have known how to calculate the proper statute of limitations period and would have filed his petition timely (Obj. at 14-16).

Petitioner's argument is without merit. Petitioner concedes that he could have discovered *Lawrence* in September of 2007 (Obj. at 15-16). The Magistrate Judge therefore properly characterized Petitioner's argument as ignorance of the law, which is not grounds for equitable tolling (Rep. & Rec. at 10-11).

Second, Petitioner argues that the Magistrate Judge erred in finding that the prison authorities' failure to make copies of his petition does not excuse the petition's tardiness under equitable tolling principles (Obj. at 16; Rep. & Rec. at 12). Petitioner argues that the Magistrate Judge improperly relied on FED. R. CIV. P. 5(d)(4) to conclude that Petitioner was still in a position to satisfy the statute of limitations (Obj. at 19; Rep. & Rec. at 13, n. 3).

Petitioner's argument is without merit. This Court agrees with the Magistrate Judge's finding that Petitioner was not diligent in pursuing his rights. The Magistrate Judge properly applied FED. R. CIV. P. 5(d)(4) to the facts of this case.

### III

Having determined to approve and adopt the Report and Recommendation as the opinion of this Court, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a

certificate of appealability as to the issues raised. The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's procedural ruling debatable. A certificate of appealability will therefore be denied.

A Final Order will be entered consistent with this Opinion.


Date: July 15, 2009                                /s/ Janet T. Neff                
                                                           JANET T. NEFF
                                                           United States District Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNATHAN WEBB,

     Petitioner,                         Case No. 1:07-cv-1119

v                                  HON. JANET T. NEFF

KENNETH McKEE,

     Respondent.
_____/

## **FINAL ORDER**

In accordance with the Opinion entered this date:

**IT IS HEREBY ORDERED** that the objections (Dkt 41) are DENIED and the Report and Recommendation of the Magistrate Judge (Dkt 35) is APPROVED and ADOPTED as the opinion of the Court.

**IT IS FURTHER ORDERED** that the motion to dismiss (Dkt 12) is GRANTED and that the petition for habeas corpus relief (Dkt 1) is DISMISSED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.


Date: July 15, 2009                   /s/ Janet T. Neff_____
                                      JANET T. NEFF
                                      United States District Judge